Grace v. USA                                                                                                                               Doc. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV212-03-MU
(3:03CR109-MU)

| | |
|---|---|
| ANDRE GRACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed May 23, 2007.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged in four-counts of a nine-count Bill of Indictment. Count One charged him with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts Two through Four charged Petitioner with specific instances of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner entered a straight-up guilty plea to Counts One through Four of the Bill of Indictment. On May 23, 2006 this Court sentenced Petitioner to 180 months imprisonment on Counts One through Four to run concurrently to be followed by 60 months of supervised release on Counts One through Four to run concurrently.

Court records indicate that Petitioner did not appeal his sentence and conviction to the Fourth

Dockets.Justia.com

Circuit Court of Appeals nor did he file a writ of certiorari to the United States Supreme Court. Instead, Petitioner filed the instant Motion to Vacate in which he claims that the "U.S. Supreme Court [stated] in [his] case; where the court stated in foot note number one that : 'Paragraph 27 of the presentence report also recommends a two-level enhancement in Count One for possession of a dangerous weapon during the offense. This too is a 'fact' to which the Defendant did not plead guilty or stipulate. For the reasons set forth above, this enhancement must also be disregarded." (Complaint at 1 citing to "pertinent part of opinion that is attached hereto and incorporated herein."[1]). Petitioner claims that his attorney was ineffective for failing to bring this Supreme Court opinion, which Petitioner claims was forwarded to his counsel, to the attention of this Court or the Fourth Circuit Court of Appeals. Such opinion, he claims, would have entitled him to a two-level deduction in his base offense level.

As noted, Petitioner did not appeal to the Fourth Circuit Court of Appeals following his conviction and sentence nor did he file a writ of certiorari in the Supreme Court of the United States. The document he attached to his Complaint which he claims is an opinion of the United States Supreme Court, is the last page of objections that his counsel, Deke Falls, filed in connection with his case prior to sentencing in this Court (See page 5 of Document No. 87 in criminal case.). Needless to say, Petitioner's claim that his counsel was ineffective for failing to bring the "Supreme Court opinion" to the attention of this Court or the Fourth Circuit Court of Appeals is completely without merit as Petitioner's case was never before the Supreme Court and the document Petitioner

---

[1] The Court has reviewed the document Petitioner claims is the pertinent part of the Supreme court opinion which he attached to his Complaint, and notes that such document is signed by attorney Deke Falls and appears to be objections to a presentence report which Mr. Falls submitted to this Court in this case on July 8, 2004 (see page 5 of Document No. 87 in criminal case.) The document to which Petitioner cites is NOT an opinion of the Supreme Court.

filed purporting to be an opinion from the Supreme court was merely the last page of objections filed by his attorney to the presentence report. (Id.)

## II. CONCLUSION

Petitioner's claim of ineffective assistance of counsel is completely without merit. Petitioner has failed to establish either prong of the Strickland v. Washington, 466 U.S. 687-91 (1984) test.[2] Furthermore, the document Petitioner filed in support of his motion was not, as Petitioner claims, an opinion of the United States Supreme Court, but instead, page five of objections filed in this Court by Petitioner's defense counsel prior to sentencing.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED and DISMISSED.**

**SO ORDERED**.

Signed: May 24, 2007

Graham C. Mullen
United States District Judge

---

[2] With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984).